IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REBA SHAVERS, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE UPS STORE, INC. et. al.,<br><br>Defendants. | Case No. 21-cv-0720<br><br>Judge Mary M. Rowland |

## ORDER

Before the Court is Plaintiff Reba Shavers' motion to remand [6]. For the reasons stated below, the motion to remand [6] is granted.

### I. Background

On July 24, 2020, Plaintiff Shavers brought this suit in state court on behalf of herself and a proposed class challenging excessive and unlawful overcharging for notary services by Defendants The UPS Store, Inc. (TUPSS), Generation I. LLC d/b/a UPS Store #7181, similarly-situated franchisees of The UPS Store, Inc. located in the State of Illinois (Dkt. 1 (Notice of Removal)). Shavers seeks to represent "[a]ll natural persons who paid fees to TUPSS in excess of the statutory maximum set forth in 5 Ill. Comp. Stat. Ann. 312/3-104 for notary services in Illinois." (Dkt. 6-1, First Amended Complaint (FAC) ¶ 72 ("Plaintiff Class")). Shavers' claims are for (1) violation of the Illinois Notary Fee Statute (5 Ill. Comp. Stat. Ann. 312/3-104), (2) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) (815 Ill. Comp. Stat. 505/1, *et seq*.), (3) unjust enrichment, and (4) civil conspiracy.

On February 8, 2021, Defendants removed this action from state to federal court. (Notice of Removal). Their Notice of Removal states that "[t]he FAC does not specify the amount Plaintiff alleges to be in controversy." *Id*. ¶ 4. On February 5, 2021, Shavers' counsel had filed in state court an additional attorney (*pro hac* vice) appearance form and on that form filled in a box stating that the amount of damages claimed was $5,000,000. *Id*. ¶ 6; Dkt. 6-1, Exh. C. Defendants contend that this was the first time that Shavers "'affirmatively and unambiguously' specified the $5,000,000 damages amount." Notice of Removal, ¶ 7. Therefore Defendants filed their notice of removal under 28 U.S.C. § 1446(b)(3) and § 1332(d)(2).

Shavers has moved to remand arguing that removal was improper and Defendants have not met their burden to show that the amount in controversy exceeds the required threshold under the Class Action Fairness Act of 2005 (CAFA).

## II. Standard

Federal courts only have power as authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The proponent of federal jurisdiction has the burden to show jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 803 (7th Cir. 2009). When amount in controversy is at issue, the proponent of jurisdiction "has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510–11 (7th Cir. 2006) (citations omitted).

Under CAFA, federal courts have jurisdiction over cases in which the class consists of 100 or more members, *see* 28 U.S.C. § 1332(d)(5)(B), any plaintiff is a citizen of a state different from that of any defendant, 28 U.S.C. § 1332(d)(2)(A), and the aggregate amount of the plaintiffs' claims exceeds five millions dollars, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), (d)(6). "CAFA does not alter the burden of establishing the district court's jurisdiction. As in removal in non-CAFA diversity actions, the party asserting federal jurisdiction under CAFA must establish that the requirements of § 1332(d) are satisfied." *Sabrina Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017).

## III. Analysis

### A. Section 1446(b)(3)

"The rules of procedure provide two different removal windows," § 1446(b)(1) or § 1446(b)(3). *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 820 (7th Cir. 2013). Defendants removed this case under § 1446(b)(3). Under that section, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

The Seventh Circuit explained in *Wilson v. Intercollegiate (Big Ten) Conf. Athletic Ass'n* that application of the exception in § 1446(b) "must be determined in each case with reference to its purposes and those of the 30-day limitation on removal to which it is an exception, and against a background of general considerations relating to the proper allocation of decision-making responsibilities between state and federal courts." 668 F.2d 962, 965 (7th Cir. 1982) (cleaned up). "The purpose of the 30-day

2

limitation is twofold: to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system; and to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court." *Id*.

In *Walker*, defendant based removal on its estimate of damages after plaintiff introduced a new theory of damages in response to requests for admission. 727 F.3d at 821. Discussing when the 30-day clock is triggered under § 1446(b)(3), the Seventh Circuit explained that with respect to the jurisdictional amount, § 1446(b)(3) "requires a specific, unequivocal statement from the plaintiff regarding the damages sought." *Id*. at 824. "The 30–day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present…the pleading or other paper must specifically disclose the amount of monetary damages sought." *Id*. The timeliness inquiry depends on whether the "document, on its face or in combination with earlier-filed pleadings, provides specific and unambiguous notice that the case satisfies federal jurisdictional requirements and therefore is removable." *Id*. at 825. In that case, plaintiff's summary judgment response did not trigger the 30-day clock because the response "intimated for the first time" that plaintiff was proceeding under a certain damages theory but it "was not unambiguous; nor did it affirmatively reveal that the damages could be greater than $5 million." *Id*.

Defendants do not cite any authority that a routine attorney appearance form constitutes "a post-complaint pleading or other paper that affirmatively and unambiguously specifies a damages amount sufficient to satisfy the federal jurisdictional minimums" (*Walker,* 727 F.3d at 825) for purposes of § 1446(b)(3). In *Walker*, plaintiff answered a request for admission, admitting to a particular theory of damages.[1] Defendants cite two out-of-circuit cases, *Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277 (6th Cir. 2016) and *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137 (2d Cir. 2014). Neither involved an attorney appearance form and in both the courts concluded that the 30–day removal clock of § 1446(b) was *never* triggered. By contrast, Defendants argue that the February 5, 2021 Filing "affirmatively and unambiguously specifie[d]" that the amount in controversy was satisfied. (Dkt. 10 at 16; Notice of Removal, ¶ 7).

Moreover, Defendants' estimation of Shaver's damages relies on the amended complaint and Defendants' calculation of the number of transactions for notary services at The UPS Store® centers in Illinois. (Dkt. 10 at 9-10). Defendants do not explain why they could not have done this calculation upon receipt of Shavers' original or amended complaint. *See Fultz v. Target Corp.*, 28 F. Supp. 3d 783, 784

---

[1] As the Seventh Circuit noted, "[j]urisdictional requests for admission are a common device for determining whether the amount-in-controversy minimums are met." *Id*. at 824, n.4.

3

(N.D. Ill. 2014) ("Section 1446(b)(3) comes into play only 'if the case stated by the initial pleading is not removable'"); *Illinois ex rel. Greenblatt v. Commonwealth Edison Co.*, 2011 WL 2550834, at *4 (N.D. Ill. June 27, 2011) (same); *Stigleman v. Wal-Mart Stores, Inc.*, 2016 WL 1611577, at *5 (C.D. Ill. Apr. 22, 2016) (same).

Defendants' reliance on *Roppo*, 869 F.3d 568 is also not persuasive. *Roppo* was an insurance coverage dispute in which plaintiff's allegations in her complaint combined with defendant's undisputed evidence showed that the amount in controversy under CAFA were met. However, removal in *Roppo* was not based on § 1446(b)(3) nor was it based on a scrivener's error, discussed further below. (*Roppo*, 2014 WL 3810580 (N.D. Ill. Aug. 1, 2014); 13-cv-05569, Dkt. 1).

### B. Scrivener's Error

Even if the attorney appearance form could constitute a post-complaint paper from which it was first ascertained that the case was removable, in this case that paper contained a scrivener's error, the sole basis for Defendants' removal.

"This case should not come to federal court if the only ground for jurisdiction is a clerical error, however careless." *Schillinger v. Union Pac. R. Co.*, 425 F.3d 330, 333 (7th Cir. 2005). "We recognize a mistake as a scrivener's error if it is 'one of transcription,' not of 'legal knowledge or analysis.'" *Sinha v. Bradley Univ.*, 995 F.3d 568, 576 (7th Cir. 2021) (citation omitted).[2]

On February 5, 2021, Shavers' counsel filed the additional attorney appearance form. Upon realizing the mistake regarding filling out the line for amount claimed, on February 9, 2021, Shavers' counsel filed a corrected appearance form, removing "$5,000,000". (Dkt. 6, Exh. E). The insertion of "$5,000,000" on the original appearance form was not a result of legal knowledge or analysis, it was mistake of transcription. *See Sinha*, 995 F.3d at 576.[3]

---

[2] "Black's Law Dictionary defines 'scrivener's error' as a synonym for 'clerical error.' A 'clerical error' is one 'resulting from a minor mistake or inadvertence, esp. in writing or copying something on the record, and not from judicial reasoning or determination.' Examples of clerical, or 'scrivener's,' errors include 'omitting an appendix from a document; typing an incorrect number; mistranscribing a word; and failing to log a call.'" *United States v. Gibson*, 356 F.3d 761, 766, n.3 (7th Cir. 2004) (citation omitted).

[3] Defendants object to Plaintiff's reliance on Katrina Carroll's Declaration (Dkt. 11). The Court does not agree with those objections; they are overruled. The two sworn declarations by Ms. Carroll, the law firm's managing partner in the Chicago office and co-counsel on this case, affirm that Ms. Carroll supervised the filing of the February 5th and February 9th appearance forms. Her declarations provide the requisite personal knowledge and foundation to testify about the circumstances and intention behind those filings.

4

Considering the purposes of the 30-day time limit in § 1446(b)(3), that it is Defendants' burden to show that this case belongs in federal court, and the Seventh Circuit's guidance that federal jurisdiction should not be based solely on clerical error, the Court finds that removal here was improper.

### C. Fees and Costs

Shavers requests, pursuant to § 1447(c), that Defendants pay Shavers' attorney fees and costs incurred since the parties' February 10, 2021 email exchange. The request is denied. *See Greenblatt*, 2011 WL 2550834, at *5 ("Whether to award attorneys' fees is within the discretion of the court."). The Court agrees that removal was improper. However unlike in non-CAFA cases, the presumption against removal "does not operate with respect to CAFA removal." *Roppo*, 869 F.3d at 578, n.22. The Court has considered Shavers' argument but determines that this case does not warrant fees and costs.

### IV. Conclusion

For the stated reasons, Plaintiff Reba Shaver's motion to remand [6] is granted. The Clerk's office is directed to remand this case forthwith to the Circuit Court of Cook County, Illinois. Civil case terminated.

E N T E R:

Dated: July 19, 2021

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge